UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
        v.                              )        Crim. No. 15-10338-7-FDS
                                        )
EDWIN GUZMAN                            )
        Defendant.                      )
_____)

### DEFENDANT EDWIN GUZMAN'S PROPOSED *VOIR DIRE* QUESTIONS

Pursuant to the Court's Order dated October 27, 2017, defendant Edwin Guzman, by and through undersigned counsel, hereby requests that jurors are asked the following questions during *voir dire*:

1. How do you feel about the way the criminal justice system is working in the United States?

2. Do you feel that the criminal justice system treats defendants too harshly, about right, or too leniently?

3. Do you believe that the law does too much to protect the rights of people charged with crimes and not enough to protect the rights of crime victims?

4. In your personal opinion – which is worse – to let a guilty person go free or to convict an innocent person?

5. Do you believe that sometimes innocent people are convicted of crimes they did not commit?

6. How do you feel about law enforcement agencies using informants to investigate potential criminal activity?

7. Do you believe that criminals might try to pressure someone into illegal activity if it meant more money being paid to these criminals or less jail time for them?

8.  Do you believe that if criminals are paid money or receive preferential treatment there is an incentive for them to tell the police what the police want to hear?

9.  Do you believe that if the prosecution goes to the trouble of bringing someone to trial, the person is probably guilty?

10. Would the fact that Mr. Guzman has been indicted give you the impression that he is probably guilty?

11. Would the fact that Mr. Guzman has been indicted give you the impression that he must have done something wrong?

12. What are some reasons why an innocent person would not testify?

13. If you were accused of a crime like this, would you testify?  Why or Why not?

14. How would you feel if Mr. Guzman chooses not to testify at trial?

15. If Mr. Guzman does not take the stand, would you feel that he is more likely guilty or not guilty?

16. Do you feel that Mr. Guzman should have to prove that he is innocent?

17. Do you feel that Mr. Guzman has to present evidence before you could find him not guilty?

18. How would you feel if the defense did not present any evidence at all in this case?

19. When an important decision has to be made, some people rely on logic and other people rely on their feelings.  What do you rely on?

20. Will you be able to take emotions out of your decision in a case like this?

21. What does reasonable doubt mean to you?

22. Do you think it is fair that a person can only be found guilty if the prosecution proves its case beyond a reasonable doubt?

23. Can you give me an example when you had a reasonable doubt about something?

24. If you serve as a juror in this case, would you have any reservations in returning a not guilty verdict if the prosecution fails to prove beyond a reasonable doubt that Mr. Guzman committed the crime charged?

25. Would you feel that by not returning a conviction you did not do your job?

26. Do you believe that, even if you feel that Mr. Guzman guilt was NOT proven beyond a reasonable doubt, you might for any reason be reluctant to return a verdict of NOT guilty?

27. Would you be willing to consider what witnesses might gain as a result of their testimony in determining their truthfulness?

28. In determining the truthfulness of witnesses, how important a consideration would it be that witnesses stand to gain something as a result of their testimony?

29. Are you aware of any gang activity in your neighborhood or community?

30. Do you feel there are gang problems in your neighborhood?

31. Have you or someone close to you ever had any trouble with any gangs or gang members?

32. Have you or someone close to you ever been affected in any way by gangs or gang-related activities?

33. Have you or someone close to you been a member of a gang?

34. Are you familiar with any of the names of gangs, in general, or the names of any gangs in this area?

35. Have you or someone close to you ever been afraid to provide information to law enforcement regarding gang activity?

36. Have you or any family member or close friend become involved in anti-gang activities or programs?

37. There are several defendants in this case. Would the fact that there is more than one defendant lead you to believe that they all must be guilty of something?

38. Would the presence of multiple defendants lead you to believe that if one defendant is guilty they all must be guilty?

39. Have you heard the phrase "guilt by association"? What does that phrase mean to you?

40. Will you be able to consider only the evidence pertaining to a particular defendant and not consider all the evidence as applying to all the defendants?

41. Do you feel that you will be able to consider each defendant individually and require the government to prove beyond a reasonable doubt that each defendant is guilty?

42. A person can be charged with conspiracy to commit a crime when the he or she agrees with one other person to work together for a common criminal goal. Proof of an agreement can be from physical evidence, for example, notes or recordings of the discussion of a criminal plan, eyewitness testimony from someone describing the discussion of a criminal plan, or from a person's actions which are consistent with a common criminal goal. Some people believe that because co-conspirators often don't keep notes on their criminal plans, a person's actions consistent with a common criminal goal are enough to show that an agreement was made. Other people believe that because it is hard to know what is in a person's mind, without physical evidence or eyewitness testimony of an agreement to commit a crime, you can never be sure that an agreement was made. Which viewpoint is closest to your beliefs?

43. How do you feel about the testimony of defendants who make deals in exchange for their testimony?

44. What is your opinion on the government's practice of offering "plea bargains" or a reduced prison sentence to defendants in exchange for their testimony in court against others charged with the same crimes?

45. Do you believe that because a witness testifies for the government he or she is telling the truth?

46. Do you believe that a person might lie in order to get a better deal or a reduced prison sentence from the government?

47. Do you believe that a person who admits to committing a crime and accuses another person of being involved in the same crime that the other person accused is probably guilty?

48. Do you feel it is important to stand by your opinion? Why?

49. If you served on the jury and your fellow jurors were unable to agree on a verdict – what we call a hung jury – how would you feel about that?

50. If you believed by what you heard and saw in court that the prosecution had failed to prove beyond a reasonable doubt that Mr. Guzman is guilty, would you be willing to stand by your decision even if other jurors felt otherwise?

51. A verdict of guilty or not guilty requires a unanimous decision by all 12 jurors. If you served as a juror in this case, would you be willing to go over the evidence in the case, listen to you fellow jurors' views and work with them toward a unanimous decision in this case?

52. Do you give me your word that you will presume Mr. Guzman innocent?

53. Do you give me your word that you will hold the government to its burden of proof beyond a reasonable doubt?

54. Do you give me your word that you will not make a decision in this case until you have heard all the evidence and been instructed on the law by this Court?

WHEREFORE, undersigned counsel respectfully requests that the Court grant this motion ask jurors during *voir dire* the questions set forth herein.

For Defendant,
EDWIN GUZMAN
By his attorney,


/s/ Scott P. Lopez
Scott P. Lopez, BBO # 549556
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
617-439-4990 (tel.)
splopez@lawson-weitzen.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.


/s/ Scott P. Lopez
Scott P. Lopez