UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| v.   } | CASE NO. 15-CR-10338-FDS |
| } | |
| OSCAR NOE RECINES-GARCIA et al. } | |
|     Defendant. } | |
| } | |

**DEFENDANTS' PROPOSED JUROR VOIR DIRE**

The defendant respectfully submits the following proposed Voir Dire questions for the court's consideration, pursuant to Fed. R. Crim. P. 24(a).

**Description of the Case**

In this case, the indictment alleges that the defendant conspired with various others to engage in a "pattern of racketeering activity" and that he participated in the planning and cover up of a murder as part of that racketeering. The Defendant has pled not guilty to these accusations.

**Jury Questions**

1. Have you ever served as a juror? If you have served as a juror, was there anything about your jury experience that would make it difficult to serve again fairly and impartially?

2. Are you a vendor or contractor for the United States Government or do you work with one?

3. Have you or anyone close to you ever been the victim of a crime of violence, reported or not?

4. Have you or anyone close to you ever worked for, applied to, or had training with any agency of the federal government, including but not limited to the FBI, CIA, ICE, DEA, Secret Service or Homeland Security?

5. Have you, or has any family member or close friend, ever worked for, applied to, or had training with any federal, state or local law enforcement agency? (This would include the police, prison, jail, detention center, probation services, city or county attorney's office, Attorney General, special prosecutor, or court.)

6. Do you have any strong feelings about law enforcement that might make it difficult for you to be fair and impartial?

7. Are you more likely to believe the testimony of a law enforcement officer than that of a civilian?

8. This case is likely to receive ongoing media attention. The Court wants to make sure that this case is decided solely on the evidence presented in the courtroom and now based on influences outside the courtroom. Accordingly, the Court will be advising you periodically that you must avoid reading about the case in the newspapers and online and on social media, or listening to any radio or television reports about the case. The Court will further advise you not to discuss the case with family or friends during the course of the trial or with fellow jurors until time for deliberations. Would these restrictions pose any difficulty for you?

9. Have you seen anything on the news, on the Web, or in any other media about MS-13?

10. Based on what you have seen, read, or heard, do you have feelings or opinions you may have formed about this case or the individual accused? If so, would these feelings make it difficult for you to sit as a fair and impartial juror in this type of case?

11. Have you formed an opinion as to the innocence or guilt of the defendant in this case before hearing the evidence?

12. Do the nature of the allegations themselves (murder, gang violence) cause you to doubt your ability to serve as a completely fair juror in this case?

13. Do you have any personal experiences or feelings about gang violence or MS-13 that might interfere with your ability to serve in a case of this nature?

14. Do you have any personal experiences or feelings about illegal immigration that might interfere with your ability to serve in a case of this nature?

15. Have you, or has a family member or friend, been the victim of gang violence either in this country or abroad?

16. Have you, or has a family member or friend, been the victim of a crime committed by an illegal immigrant? If Yes, might this interfere with your ability to serve in a case of this nature?

17. The Defendants in this case are Hispanic. Is there anything about that fact that would make it hard for you to sit as an impartial juror?

18. The Defendants in this case speak primarily Spanish and will be using an interpreter throughout the trial. Is there anything about that fact that would make it hard for you to sit as an impartial juror?

19. The United States has the burden of proving this case beyond a reasonable doubt. This burden never shifts to the defendant. He is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence presented in court, decides that his guilt has been proven beyond a reasonable doubt. Would you have any difficulty following this rule where the allegations against the defendant include acts of murder?

20. Do you think that, because this case involves allegations of murder and gang violence, the burden of 'beyond a reasonable doubt' should be diminished for the government?

21. Under our system of law, the facts are for the jury to determine and the law is for the court. These two areas are separate and distinct. At the end of the case the court will instruct you on the law. You are required to accept the law as the Court explains it to you. It will be your job to determine the facts under the Court's explanation of the law. Is there any reason you would not be willing and able to apply the law as the Court explains it to you?

22. The Defendant has the right not to testify in his own defense. If a person does not tell his side of the story, do you feel he is more likely guilty or has something to hide?

23. Apart from any prior question, is there any fact, circumstance, opinion, impression, attitude of mind, personal or other experience, or identification or membership with any group or organization that would prevent you, if you are accepted as a juror in the trial of this case, from listening to the evidence with an open mind and deciding every issue fairly and impartially, solely and only upon the evidence as heard from the witnesses and the Court's instructions as to the law?

>Respectfully submitted,
>Oscar Noe Recines-Garcia
>By his attorneys,
>
>/s/ Michael Tumposky
>Michael Tumposky
>BBO No. 660618
>Hedges & Tumposky, LLP
>50 Congress Street, Suite 600
>Boston, MA 02109
>T) (617) 722-8220
>F) (617) 507-8116

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that on this the 5th of March, 2018, he has caused to be served a copy of this document by first-class mail, where unable to do so electronically, on the Assistant United States Attorney of record in this matter.

>/s/ Michael Tumposky
>Michael Tumposky